DEFIANCE WATER CO. v. CITY OF DEFIANCE et al

(Circuit Court, N. D. Ohio, W. D.   December 30, 1898.)

1. MUNICIPAL CORPORATIONS — CONTRACTS FOR IMPROVEMENT — NECESSITY OF HAVING FUNDS IN TREASURY.

Rev. St. Ohio, § 2702, prohibiting cities from making any contract involving the expenditure of money, unless the funds therefor are in the treasury, does not preclude them from making contracts for improvements not involving payment for a year and a half or more thereafter.

2. SAME—RATIFICATION BY ELECTORS—CONSTRUCTION OF STATUTES.

Act Ohio, May 4, 1885, as amended by Act May 12, 1886, authorizing cities of a certain grade to make contracts with water companies for a term not exceeding 20 years, supersedes, as to such cities, Act Jan. 29, 1885 (amending Rev. St. Ohio, § 2434), requiring contracts with water companies, the limitations whereof are not prescribed by the act, to be ratified by the electors.   Therefore a 30-year contract for hydrants, at a fixed price per year, made by a city of such grade, is valid for 20 years without the ratification of the electors.

3. FEDERAL COURTS — JURISDICTION — ORDINANCE VIOLATING OBLIGATION OF CONTRACT.

The federal court sitting in equity has jurisdiction of a suit to enjoin a city from executing an ordinance providing for supplying itself with water, and thereby violating a previous contract with a private company.

### On Demurrer to Complaint.

The bill of the complainant, an Ohio corporation, sets up a contract entered into with the city of Defiance in 1887 to furnish the city with 130 hydrants at $40 each per year; that, to comply with this contract, and relying on the revenue to be derived therefrom, a large amount of bonds were issued, and a plant built; that said revenue is the only means of meeting the interest on these bonds; that on January 7, 1896, the council passed an ordinance or resolution attempting to rescind and annul the contract; that subsequently it passed ordinances looking to the construction of waterworks by the city; that after $3,142.50 had become due under said contract, for the last half of 1897, the council colluded with the city solicitor to bring suit against themselves, and procured an injunction against their paying any money under said contract; that such action of the city, a municipal corporation, impaired the obligation of its contract with the complainant, and deprived it of its property without due process of law.   The prayer of the bill was for an account, and for an injunction restraining the city and council from denying the existence of the contract, and from abrogating or attempting to annul the same, and other equitable relief.   The defendants demurred to the bill on the ground that the court had no jurisdiction of the cause; that the bill contained no matter of equity; that, by complainant's own showing, it was not entitled to the relief asked; that there was an adequate remedy at law; that the court had no jurisdiction to grant the relief asked against the city and council.

Henry & Robert Newbegin, for complainant.
Harris & Cameron and Geo. T. Farrell, City Sol., for defendants.

SEVERENS, District Judge.   The conclusion which I reach in this case is that the demurrer should be overruled.   There are three principal questions involved in this determination, which are decided as follows:

1. Was it necessary that the city at the time of entering into the contract for water should have had in its treasury, or should have had in course of collection, the funds necessary to meet the expenditure contemplated by the contract, as provided for by the section of the Ohio statutes in that behalf (being Rev. St. § 2702)?   My opinion is

90 F.—48

that the statute did not apply to the contract in question, and that there is no objection to the contract by reason of any requirement of the statute referred to. No payment was to become due for a considerable time, a year and a half or more, and the statute does not intend that the money shall be collected and hoarded for the expenses of the city in future years.

2. Was it necessary to the validity of the said contract that it should have been ratified by a vote of the electors, as was required by the act of January 29, 1885, being section 2434 of the Revised Statutes? I think this question must be answered in the negative, my opinion being that the act of May 4, 1885, as amended by the act of May 12, 1886, relating specially to a certain grade of cities, to which the city of Defiance belongs, must be regarded as having superseded, to the extent of the cities of that grade, the general provisions of the statute of January 29, 1885. The general act prescribed no limitation in regard to the time for which such contract might be made. The special acts of May 4, 1885, and May 12, 1886, limited the time to a term not exceeding 20 years. The term for which the contract might be made being short, it may well be that the legislature should have thought so much precaution was not necessary as if the time had been for a protracted period. The contract was, in terms, for a period of 30 years; but as its stipulations are to be performed annually, and it is separable by years, I think the contract is valid for 20 years from its date. A somewhat similar question was presented to the supreme court of the United States in the case of City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, where the city relied upon the provisions of a general act which it was contended was by implication carried into the special act which gave the city power, in general terms, to provide itself with water. In my judgment, the reasons for regarding the special act referred to in that case as sufficient to carry the power without limitation from the general law were not more cogent than they are here.

3. With respect to the question of the jurisdiction of this court sitting in equity, I think there can be no reasonable doubt. The defendants are threatening to carry into effect an ordinance or resolution of the city which is manifestly designed to destroy the efficacy of the contract of August 17, 1887. The authorities upon this subject are collected, and the doctrine stated, in the above-mentioned case of City of Walla Walla v. Walla Walla Water Co. The demurrer will accordingly be overruled, and the defendants be allowed to answer, if they shall so elect.