Hunt, J.
Under the act of May 2, 1902 (95 v. 356), now in amended: form Sections 8871-8892, General Code, counsel for the city of Cincinnati commenced proceedings for the abolishment of the crossing at grade of the Pittsburgh, Cincinnati & St. Louis Railway Company over Eastern avenue, known as Rookwood Crossing, and in such proceedings by Ordinance No. 836, passed April 17, 1905, agreed with the railway company as to the plans, etc., of such improvement, and as to the payment by the city and the railroad company of the cost there
For various reasons the work has been delayed, but the railway company still claims the right to proceed under such ordinance. In.pursuance of such ordinance, the railway company has made certain expenditures for which in pursuance of said *634 ordinance it has presented a claim to the city, which it is alleged the city, through its proper officers, is about to approve and pay.
The city solicitor in the petition herein asks that the city be enjoined from 'making such payments, upon the ground that the ordinance is void, because the auditor did not make the certificate provided for by Section 2702, Revised Statutes (3806, General Code), that the necessary funds were in the treasury applicable to such purpose, further alleging that there were no such funds in the 'treasury at the time of the passage of the ordinance, although since that time .such funds have been provided by a bond issue.
The defendant, the Pittsburgh, Cincinnati & St. Louis Railway Company, answers admitting the want of the certificate of the auditor, but sets up all that it has done under such ordinance, the cause of delay, and the further fact that in an action brought by the city solicitor in the Superior Court of Cincinnati, the validity of the ordinance was attacked upon other grounds than want of such auditor’s certificate, in which action this defendant answered, .and the court upon the final hearing of said case dismissed plaintiff’s petition.
The petition and answer herein are lengthy, but the real issues raised by plaintiff’s demurrer to defendant’s answer as argued to the court, are, first, whether the certificate of the auditor as to the existence of the necessary funds, was necessary to the validity of the ordinance; secondly, whether the judgment of the superior court dismissing the .action brought in such court, was a final adjudication of the validity of the ordinance.
Without reviewing all the cases wherein the question of the necessity of the auditor’s certificate has been considered, it is sufficient to say that the inapplicability of Section 3806, General Code, requiring such certificate, is fully established by the application to the grade crossing act of the principles upon which the following cases have been decided: City of Akron v. Dobson, 81 O. S., 66-78, decided 1909; Emmet v. Elyria, 74 O. S., 185-195, decided 1906; Smith v. Evans, 74 O. S., 17-22, decided 1906; Comstock v. Nelsonville, 61 O. S., 288, decided 1899; City v. Holmes, 56 O. S., 104, decided 1897; Pansing v. Miamisburg, 11 C.C.(N.S.), 511-515, decided 1907; affirmed, 79 O. S., 430; *635 Kohler Brick Co. v. Toledo, 19 C. D., 599-609, decided 1907; Trowbridge v. Hudson, 14 C. D., 76-77, decided 1902 (3 C.C.[N.S.], 644); Cinti v. Huningfort, 1 D., 563-566, decided 1894; Conneaut v. Straus, 21 D., 87, decided 1910; Defiance Water Co. v. City, 90 Fed., 753, decided 1898; City, ex rel, v. City, 11 C. C., 309-315, decided 1896; Kerr v. Bellefontaine, 59 O. S., 446-463, decided 1898.
The principles underlying such decisions seem to he that Section 3806, General Code, requiring the certificate of the .auditor that the necessary money he in the treasury to the credit of the proper fund, is inapplicable when the city is required or permitted to do an act in furtherance of a specific purpose involving the expenditure of money, and the statutory proceedings provided for the accomplishment of such purpose do not reasonably contemplate the necessary money being in the treasury before the creation of any liability of the city therefor, because the amount of the expenditures can not be and is therefore not contemplated to be determined in advance; or because such expenditures are to be distributed over periods of time, during each of which periods_the necessary money is to be raised by the exercise of power specifically given therefor; or because specific statutory provision is made for the raising of the necessary money to pay the accruing liability independent of the general revenue producing powers of the city, the theory being that a. specific power given for a specific purpose with a specific provision for the payment of the expenditures involved in the exercise of such power, can be exercised without the hording in advance by the city of money for such expenditures, even though such expenditures might be estimated definitely before any irrevocable action by the municipality in the accomplishment of such purpose, and that Section 3806, General Code, is primarily applicable only to expenditures to be paid from the general revenue producing powers of the city. •
Having decided that non-compliance with Section ‘3806, General Code, does not invalidate the ordinance under consideration, it is unnecessary to determine the effect of the judgment of the superior court .upon such ordinance if Section 3806, General Code, was applicable thereto; and it is unnecessary,to determine *636 whether or not the cause of action in the superior court and in the present case is the same, or if not the same, whether the issues actually raised in such action are the same, nor to distinguish judgments founded upon admissions of law or fact, actual, implied or constructive, from judgments upon actual issues.
The demurrer of the city to the answer of the defendant is therefore overruled.